ALBANY,
August, 1817.

CALDWELL
v.
BLANCHARD and
BLANCHARD.

------◦❊◦------

CALDWELL *against* BLANCHARD AND BLANCHARD.

*VAN WYCK*, for the plaintiff, moved for a rule to set aside the order made by the recorder of the city of *New-York*, staying proceedings in the cause.

*P. W. Radcliff*, for the defendants, moved to vacate the exception entered on the bail piece filed in this cause, and that the plaintiff file security for costs, and pay the costs of this application.

From the affidavits read, it appeared that the suit which was an action of trover, was originally commenced in the mayor's court of the city of *New-York*, in which the plaintiff did not require the defendants to put in special bail. As the jury were about to be sworn for the trial of the cause, in the court below, the defendant filed a writ of *habeas corpus*, and removed the cause to this court. On the return of the writ of *habeas corpus* here,

Where a cause is removed to this court by *habeas corpus*, from a court of common pleas, the defendant must put in special bail, on the return of the *habeas corpus* in this court, in the same manner as if the suit had been originally commenced here, though common bail only had been filed in the court below.

ALBANY,
August. 1817.

CALDWELL
v
BLANCHARD and
BLANCHARD.

the plaintiff entered a rule that the defendants appear in 20 days, or that a *procedendo* issue. The defendants accordingly filed special bail, consisting of one real and one nominal person; and the plaintiff entered an exception to the sufficiency of the bail piece.

*Radcliff* said, it would be of no use to set aside the recorder's order, as it, of course, must cease, or be disposed of, this term. That as special bail was not required in the court below, the plaintiff was entitled only to common bail in this court; that the rule of practice was, that if the bail, in the court below, became bail in this court, the plaintiff must take them; and that he is not entitled to any other, or better bail, than was given in the court below. *Tidd** lays down the rule to be, that " when the defendant is not in actual custody, at the return of the *certiorari*, or *habeas corpus*, he must put in bail, if called upon, in the court *above*, which bail is either *common*, or *special*, as in the court below."

The defendants are entitled to security for costs on account of the insolvency of the plaintiff.

*1 Tidd. Pr. 342, 343.*

*Van Wyck*, contra.

THOMPSON, Ch. J. The defendants waited until the action was called for trial, in the court below, before they removed the cause. Delay is, generally, the object of defendants in the removal of causes by *habeas corpus*. They are not, therefore, entitled to favour.

On the removal of a cause from a court of common pleas, by *habeas corpus*, to this court, the plaintiff must begin *de novo*. The proceedings are not continued from the inferior court; it is a new suit, and the plaintiff is entitled to bail in the same manner as if the suit had been originally commenced here, and without any reference to the proceedings in the court below. The motion to vacate the exception entered on the bail piece ought, therefore, to be denied; the plaintiffs, however, should be allowed 20 days to perfect bail in this court. As to the other branch of the defendant's motion, the plaintiff must file se-

ourity for costs, and until that is done all further proceedings must be stayed.

YATES, J. and PLATT, J., were of the same opinion.

SPENCER, J., said, he supposed that the practice in the court of K. B. and in this court to be, that the bail, on the *habeas corpus*, was to be either common, or special, as in the court below; and that, if common bail was filed in the common pleas, it was sufficient in this court. It was immaterial, however, in his opinion, how the practice was settled, provided the rule was established; he should, therefore, concur in the rule as stated by the chief justice.

VAN NESS, J., was of the same opinion, and concurred for the same reason.

Rule accordingly.